UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS YOUNG,

                              Plaintiff,

                                                  9:13-CV-0999
v.                                                   (DNH/TWD)

C.O. M. MONINGTON,

                              Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

DOUGLAS YOUNG, 06-A-4095
Plaintiff pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

HON. ERIC T. SCHNEIDERMAN              GREGORY J. RODRIGUEZ, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT-RECOMMENDATION AND ORDER

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Douglas Young alleges that Defendant Correction Officer M. Monington used excessive force after separating Plaintiff from an altercation with another inmate on November 15, 2012, causing him permanent nerve damage. (Dkt. No. 2.) He further alleges that Defendant then stole or caused to

be destroyed five bags of Plaintiff's belongings. *Id*. Currently pending before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17.) For the reasons that follow, I recommend that Defendant's motion be granted and Plaintiff's claim be dismissed without prejudice.

## I. BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

At around 9:00 p.m. on November 15, 2012, another inmate attacked Plaintiff in the recreation yard of the Auburn Correctional Facility. (Dkt. No. 2 at 2.[1]) While Plaintiff was defending himself from the attacker, Defendant and approximately thirty correctional officers looked on but did not immediately separate the two inmates. *Id*. at 2-3. Defendant then struck Plaintiff four or five times with his nightstick, and forced him to lay face-down on the ground. *Id*. at 3. Defendant then dragged Plaintiff along the ground to the pavement, where he "harpoon[ed]" him in the back with his knee, using his entire body weight and causing his nerve damage. *Id*. That night, Defendant took five bags of Plaintiff's belongings from his cell, including irreplaceable family pictures and Plaintiff's hearing aid, and these items disappeared. *Id*.

Following these events, Plaintiff filed multiple grievances, and the grievance concerning the facts in the complaint was denied by both the initial committee and the Superintendent. (Dkt.

---

[1] Page numbers in citations to the complaint refer to the page numbers assigned by the Court's electronic filing system.

No. 2 at 4.)  At the time that Plaintiff filed the complaint in this action, the grievance had been received by the Central Office Review Committee ("CORC"), but no disposition had been yet rendered.  *Id*.  Plaintiff filed this action on July 9, 2013, in the Southern District of New York. (Dkt. No. 2.)  Because the events in the complaint occurred in the Northern District, the action was transferred on August 19, 2013.  (Dkt. No. 5.)  Defendant now moves to dismiss the complaint. (Dkt. No. 17.)  Plaintiff has opposed the motion.  (Dkt. No. 22.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

3

material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Defendant argues that Plaintiff's claim should be dismissed because Plaintiff had not fully exhausted all administrative remedies before filing this action, which is a requirement under the Prison Litigation Reform Act ("PLRA"). (Dkt. No. 17-1.) Plaintiff argues that because non-exhaustion is an affirmative defense, Defendant has not met his burden for a Rule 12(b)(6) motion. (Dkt. No. 22-1 at 2-3.) For the reasons below, I recommend that the Defendant's motion be granted.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

A plaintiff's failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, as Plaintiff correctly notes (Dkt. No. 22-1 at 3), a

4

prisoner has no independent duty to plead facts plausibly suggesting that he exhausted his available administrative remedies in order to state an actionable civil rights claim. *Jones*, 549 U.S. at 211-17. "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id*. at 216. If a prisoner chooses to plead facts regarding exhaustion, and those facts show that he failed to exhaust his available administrative remedies, then his complaint may be dismissed for failure to state a claim. *Id*. at 215-16.

In order to properly exhaust administrative remedies under the PLRA, inmates are required to complete the administrative review process in accordance with the rules applicable to the particular institution to which they are confined. *Jones*, 549 U.S. at 218 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In New York state prisons, the Department of Corrections and Community Supervision ("DOCCS") has a well-established three-step inmate grievance program. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2013).

Generally, the DOCCS Inmate Grievance Program ("IGP") involves the following procedure for the filing of grievances. First, an inmate must file a complaint with the facility's IGP clerk within twenty-one calendar days of the alleged occurrence. *Id.* at § 701.5(a) (2010). A representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. *Id.* at 701.5(b)(1). If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance (*Id*. at § 701.5(b)(2)), and issues a written decision within two working days of the conclusion of the hearing. *Id*. at § 701.5(b)(3).

Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. *Id*. at 701.5(c)(1). If the

grievance involves an institutional issue (as opposed to a DOCCS-wide policy issue), the superintendent must issue a written decision within twenty calendar days of receipt of the grievant's appeal. *Id*. at § 701.5(c)(3)(ii). Grievances regarding DOCCS-wide policy issues are forwarded directly to the central office review committee ("CORC") for a decision under the process applicable to the third step. *Id*. at 701.5(c)(3)(i).

Third, a grievant may appeal to CORC within seven working days of receipt of the superintendent's written decision. *Id*. at 701.5(d)(1)(i). CORC is to render a written decision within thirty calendar days of receipt of the appeal. *Id*. at 701.5(d)(3)(ii).

If a prisoner has failed to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Woodford*, 548 U.S. at 93. Receiving a decision from CORC *after* filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any such action must be dismissed without prejudice. *Neal v. Goord*, 1267 F.3d 116, 122-23 (2d Cir. 2001), overruled on other grounds by *Porter v. Nussle*, 534 U.S. 516 (2002).

Here, Plaintiff filed his complaint on July 9, 2013. (Dkt. No. 2.) Plaintiff admits on the face of his complaint that he had not received a response from CORC when he filed this action. *Id*. at 4. Plaintiff admits in opposition to the motion that he did not receive a decision from CORC until August 28, 2013. (Dkt. No. 22-1 at 4.) Thus, Plaintiff failed to exhaust his administrative remedies before filing this action. Plaintiff argues in his opposition that CORC has since rendered a disposition unfavorable to the Plaintiff, and therefore he has now exhausted. *Id*. at 3. While this is true, it does not defeat the motion. The Second Circuit has held that "[s]ubsequent exhaustion after suit is filed . . . is insufficient." *Neal*, 267 F.3d at 122. While

6

this may not be the most efficient outcome, as noted in *Mendez v. Artuz*:

> [T]he Court of Appeals has ruled that from the broader perspective of Congress and appellate judges, the greater good forbids allowing a case to proceed where administrative remedies have been exhausted while the complaint is pending, and requires in such a case dismissal of the complaint, to be re-filed, if the plaintiff wishes, with the addition of paragraphs explaining how administrative remedies have been exhausted.

No. 01 CIV. 4157 (GEL), 2002 U.S. Dist. LEXIS 3263, at *4-5, 2002 WL 313796, at *2 (S.D.N.Y. Feb 27, 2002) (holding that prisoner failed to exhaust administrative remedies when he commenced civil rights action before receiving decision from CORC) (citing *Neal*, 267 F.3d at 123).[2]

Plaintiff's failure to exhaust, however, does not end the review. The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available administrative remedies. *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).[3]

First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available:

> the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the

---

[2] The Court will provide Plaintiff with copies of all unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[3] The Second Circuit has not yet decided whether the *Hemphill* rule has survived the Supreme Court's decision in *Woodford*, 548 U.S. 81. *Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011).

7

plaintiff's failure to exhaust as a defense.

*Id.* (citations omitted). Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. (citations and internal quotations omitted).

As to the first question, New York's IGP is "recognized as an 'available' remedy for purposes of the PLRA." *Taylor v. Chalom*, No. 9:10–CV–1494 (NAM/DEP), 2011 U.S. Dist. LEXIS 150512, at *12, 2011 WL 6942891, at *4 (N.D.N.Y Dec. 13, 2011). The grievance system was also clearly available to the Plaintiff in particular, as he has utilized the grievance procedure successfully at least one other time, when he received compensation for his missing property referenced in the complaint. (Dkt. No. 2-2 at 7.) Plaintiff was also in the process of utilizing this remedy at the time he filed the complaint: the issue was on appeal to CORC. (Dkt No. 2 at 4.)

Second, Defendant is not estopped from asserting this defense. A prison official's refusal to accept or forward a prisoner's grievance is conduct that hinders a plaintiff's ability to pursue administrative remedies and would give rise to estoppel. *Sandlin v. Poole*, 575 F. Supp. 2d 484, 488 (W.D.N.Y. 2008). Plaintiff pleads no facts indicating that Defendant interfered in any way with the grievance process. (Dkt. No. 2.)

Third, there are no 'special circumstances' here to excuse Plaintiff's failure to exhaust, because:

> Justification "must be determined by looking at the circumstances

8

> which might understandably lead . . . uncounselled prisoners to fail
> to grieve in the normally required way." Generally, the 'special
> circumstances' doctrine is applied where a prisoner has been
> threatened with physical retaliation for exhausting administrative
> remedies or where the prisoner reasonably misinterprets the
> statutory requirements of the appeals process.

*Ford v. Smith*, No. 9:12–CV–1109 (TJM/TWD), 2014 U.S. Dist. LEXIS 20581, at *8-9, 2014 WL 652933, at *3 (N.D.N.Y Jan. 16, 2014) (citations omitted). Although Plaintiff has not explicitly argued as such, he may have considered his remedies exhausted because his final CORC appeal had been pending for four months when he decided to initiate this action. While regulations require CORC to respond within thirty days, its failure to do so is not a 'special circumstance' which might defeat an exhaustion defense. *Id*. In sum, Plaintiff had not yet exhausted all administrative remedies at the time he filed this suit, and the Second Circuit's three-part inquiry reveals no justification for his failure to exhaust.

Therefore, for the reasons outlined above, I recommend that Defendant's motion be granted, and Plaintiff's complaint be dismissed without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 17) be **GRANTED** and Plaintiff's complaint be dismissed without prejudice; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Mendez v. Artuz*, 2002 U.S. Dist. LEXIS 3263, 2002 WL 313796 (S.D.N.Y. Feb 27, 2002); *Taylor v. Chalom*, 2011 U.S. Dist. LEXIS 150512, 2011 WL 6942891 (N.D.N.Y Dec. 13, 2011); and *Ford v. Smith*, 2014 U.S. Dist. LEXIS 20581, 2014 WL 652933 (N.D.N.Y Jan. 16, 2014).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: June 16, 2014
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge